### BUCHSBAUM v. SAN MARINO HOTEL.
#### No. 1904.

Circuit Court, Dade County, Civil Appeal.

July 31, 1959.

Burnett Roth and Theodore M. Trushin, both of Miami Beach, for appellant.

Milton E. Grusmark, Sibley, Grusmark, Barkdull & King, Miami Beach, for appellee.

JOHN W. PRUNTY, Circuit Judge.

On August 14, 1958, appellee filed five complaints in the justice of the peace court in and for Dade County, 5th District, case numbers 1952, 1953, 1954, 1955 and 1956.

In case no. 1952 the appellee alleges that he was employed by the appellant at a weekly salary of $150 for the week of September 9th, 1957 to September 16th, 1957, and that he received the half of his salary and therefore brought suit to recover the balance of his salary of $75.

The appellee alleges that the appellant promised to pay him the balance of the $75 as of January 1st, 1958.

Case no. 1953, case no. 1954, case no. 1955, and case no. 1956 are identical, except that in case no. 1953 the period of employment is alleged to be September 16th to September 23rd of 1957, in case no. 1954 the period of employment is alleged to be September 23rd to September 30th of 1957, in case no. 1955 the period of employment is alleged to be September 30th to October 7th of 1957, and in case no. 1956 the period of employment is alleged to be October 7th to October 14th of 1957. Each of the five complaints were filed the same date.

The sole issue presented to this court on this appeal is whether the appellee had the right to bring five separate suits, each for $75, so as to come within the jurisdiction of a small claims court, or whether the appellee had but one cause of action, in which event all of the five complaints should have been consolidated and but one suit brought for the total sum in a court of competent jurisdiction.

This court is of the opinion that appellee has but one cause of action for the breach of his contract of employment, and that the damage flowing from such breach of contract should not be divided into five separate causes of action. There was the one contract of employment and all of the appellee's damage flowed from this one contract, and the breach, if any, resulted from the failure of the appellant to pay the amount which became due to appellee on January 1st, 1958, this being the same date in each of the five complaints.

The law applicable to this cause is set forth in 1 Am. Jr. 490, section 109, "Actions", which is as follows—

"*Contracts of Employment.*—A claim for services already performed under a single contract of employment constitutes an entire demand which must be sued for in a single suit, al-

though it would seem that claims for services rendered under separate contracts may be made the bases of separate suits, subject to the power of the court to order them consolidated. It has been held, however, that, where a contract of employment is renewed upon precisely the same terms and conditions as the original contract, an action for wages due under the original contract, brought after services were rendered under the renewed contract, will bar an action for wages due under the renewed contract."

This cause is accordingly reversed with directions that each of the five complaints be dismissed without prejudice however to the right of the appellee to institute suit in a court of competent jurisdiction.